UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-22119-CIV-GOLD/MCALILEY

EDWIN KING,

    Plaintiff,

v.

MOVIETICKETS.COM, INC.,

    Defendant.
_____/

ORDER GRANTING MOTION TO DISMISS;
DISMISSING CASE WITH PREJUDICE; CLOSING CASE

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss [DE 42] filed on March 19, 2008. After I dismissed Plaintiff's claims in my order dated February 13, 2008 [DE 36], Plaintiff filed an Amended Complaint [DE 40]. Having considered the Motion to Dismiss, Response, and Reply, I grant the Motion to Dismiss and now dismiss this case with prejudice.

I.    Background

Plaintiff brought this action against Defendant and alleges that Defendant violated 15 U.S.C. § 1681c(g), a provision of the Fair and Accurate Credit Transaction Act (FACTA).[1]

---

[1] Section § 1681c(g) provides, in its entirety:

> (g) Truncation of credit card and debit card numbers
>     (1) In general
>     Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the

In Plaintiff's original Complaint, he alleged that Defendant MovieTickets.com "creates an electronic transaction with customers and creates a receipt that is generated by MovieTickets.com and printed out with each purchase by the consumer." Compl. [DE 1], ¶ 5. The Complaint further alleged that this receipt "is intended and expected by MovieTickets.com to be printed and used by the consumer in the same manner as any consumer transaction purchase," and that Plaintiff used the MovieTickets.com website to make a consumer transaction and "was provided with a receipt for his purchase." *Id.* With the Complaint, Plaintiff attached three printed copies of emails sent by Defendant to Plaintiff. At oral argument on January 25, 2008, Plaintiff clarified that he was alleging that Defendant had "printed" a "receipt" in violation of § 1681c(g) by sending Plaintiff an email that contained more than 4 digits of Plaintiff's credit card number or the expiration date.

---

> expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.
>
> (2) Limitation
> This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.
>
> (3) Effective date
> This subsection shall become effective –
>     (A) 3 years after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and
>     (B) 1 year after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005.

15 U.S.C. § 1681c(g).

Plaintiff had not alleged that Defendant sent or gave Plaintiff a paper copy of any email.

Based on my analysis in the order dated February 13, 2008 [DE 36], I determined that § 1681c(g), when analyzed as a whole, clearly focuses on paper receipts that are electronically printed by a cash register or other machine and provided to consumers by the merchant at the point of sale or transaction. Therefore, I concluded that Defendant MovieTickets.com had not "printed" a receipt subject to § 1681c(g) when it sent Plaintiff an email confirmation that appeared on Plaintiff's computer screen, where that confirmation was only sent over the internet. I further concluded "the person accepting the credit card" in § 1681c(g) must also print the receipt in order to be subject to the requirements in §1681c(g). As such, I determined that Plaintiff could not satisfy the requirements of §1681c(g) by printing the alleged receipt himself.

I also stated in my order that I would dismiss this case for insufficient allegations of willfulness. Plaintiff seeks damages in this case pursuant to 15 U.S.C. § 1681n, and §1681n(a) provides that any person who "willfully fails to comply" may be liable to the consumer. However, I determined that Plaintiff had not pled facts from which I could infer that Defendant had willfully violated § 1681c(g), because Plaintiff's desired interpretation of § 1681c(g) was not clear from the language of the statute.

After hearing oral argument, I granted Defendant's Motion to Dismiss and allowed Plaintiff to amend his Complaint. Plaintiff filed an Amended Complaint on March 11, 2008. In this Amended Complaint, Plaintiff alleges that "Defendant provided Plaintiff with electronically printed receipts which showed the expiration date of his credit card account," and Plaintiff attaches copies of these alleged receipts to the Amended Complaint. Am. Compl. [DE 40], ¶ 7. The attachments to the Amended Complaint are identical to Plaintiff's

3

attachments to his original Complaint.[2] Plaintiff further alleges that Defendant provided Plaintiff with a receipt that included the Plaintiff's card expiration date at the point of sale or the point of transaction and that "Movietickets.com electronically printed the receipts it provided to Plaintiff." *Id.* at ¶ 25.

In addition, Plaintiff alleges in his Amended Complaint that Defendant knew or constructively knew about FACTA's requirements but did not comply with them. *Id.* at ¶ 10. According to the Amended Complaint, Defendant was put on actual notice of FACTA by major credit card companies and by its own merchant service providers. *Id.* at ¶ 12.

Defendant now moves to dismiss the Amended Complaint, and I address the parties arguments below.

II.     Standard of Review

On a motion to dismiss, the court accepts a complaint's well-pleaded allegations as true. *Hoffend v. Villa (In re Villa)*, 261 F.3d 1148, 1150 (11th Cir. 2001). The court construes the pleadings broadly and views the allegations in the complaint in the light most favorable to the plaintiff. *Watts v. Fla. Int'l Univ., et al.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "more than mere labels and conclusions." *Bell Atlantic*

---

[2] At oral argument on January 25, 2008, the parties agreed that I could take judicial notice of the three alleged receipts attached to Plaintiff's original Complaint. These same three documents are also attached to Plaintiff's Amended Complaint, and I consider them on this Motion to Dismiss because (1) the parties previously agreed that I could take judicial notice of these three documents, and (2) because Plaintiff refers to these three documents in his Amended Complaint and they are central to Plaintiff's claim. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Indeed, "a formulaic recitation of the elements of a cause of action will not do." Watts, 495 F.3d at 1295 (quoting Bell Atlantic, 127 S.Ct. at 1965).

Although the court does not analyze the probability of actual proof of the complaint's allegations on a motion to dismiss, a plaintiff must allege "'enough factual matter (taken as true) to suggest' the required element." Watts, 495 F.3d at 1295. Under the law of this Circuit, the pleading must create "plausible grounds to infer." Id. Thus, a claim will survive a motion to dismiss if it identifies "facts that are suggestive enough to render [the element] plausible." Id. at 1296 (quoting Bell Atlantic, 127 S.Ct. at 1965).

III. Discussion

In the Amended Complaint, Plaintiff does not allege that Defendant printed a physical, paper copy of the alleged receipt, nor does Plaintiff allege that Defendant gave or sent Plaintiff a paper copy of the alleged receipt or any other paper. Plaintiff makes some changes in the language of his allegations in the Amended Complaint. However, he still relies on the same three emails from Defendant, and he does not allege any facts in the Amended Complaint which alter his theory of the case: that Defendant emailed receipts to Plaintiff which contained portions of his credit card in violation of § 1681c(g).

As stated in my more detailed order from February, I conclude here that Plaintiff has again failed to state a claim for a violation of § 1681c(g). Based on the allegations in the Amended Complaint and the three attachments, Defendant has not "printed" receipts pursuant to § 1681c(g) or provided Plaintiff with any tangible, paper document so as to fall under the requirements of § 1681c(g). Notwithstanding Plaintiff's amendments, the Amended Complaint still fails to sufficiently allege that Defendant violated § 1681c(g).

In his Response, Plaintiff asserts essentially the same arguments that he asserted in response to Defendant's first motion to dismiss. For the reasons stated in this order and in my February order [DE 36], I find Plaintiff's arguments unpersuasive. *See also, Narson v. GoDaddy.Com, Inc.*, No. CV-08-0177-PHX-SRB, Slip. op. at 5-8 (D. Ariz. May 5, 2008) (concluding that emailed receipts that appeared on plaintiff's computer screen were not subject to § 1681c(g) and granting motion to dismiss). Plaintiff again relies on a number of uncontrolling district court opinions on FACTA which I addressed in my prior order [DE 36]. As stated in more detail in that order, the cases cited by Plaintiff either involve allegations that are factually distinct from this case or the opinions did not consider the plain meaning of the word "printed" within § 1681c(g) as a whole.

In addition, Plaintiff relies on two recent opinions from the Northern District of Illinois in which the courts certified classes of consumers who received electronically transmitted receipts. *Harris v. Best Buy Co., Inc.*, 2008 U.S. Dist. FELIX 22166 (N.D. Ill. Mar. 20, 2008); *Harris v. CircuitCity Stores, Inc.*, 2008 WL 400862 (N.D. Ill. Feb. 7, 2008). Neither opinion is controlling law in this District. With respect to the *CircuitCity* case, the court did not address the meaning of "printed" in the statute, and expressly stated that it would determine whether the email was a receipt within the meaning of the statute at a later time. *Id.* at *1 n.2 ("The parties dispute whether this email from CircuitCity was a 'receipt' within the meaning of FACTA as plaintiff alleges, or instead was merely a 'confirmation' of a telephone transaction that was sent to plaintiff's personal email account, as CircuitCity contends. As CircuitCity concedes, this dispute creates a merits issue 'to be resolved later.' We do not find it germane to the issue of class certification.") (internal citations

omitted). In the *Best Buy* case, although the court concluded that electronically transmitted receipts fell under the definition of "printed" in FACTA, the court did not consider the meaning of the word "printed" within the context of § 1681c(g) as a whole. As such, I decline to follow these two recent opinions.

Therefore, for the reasons stated in my prior order [DE 36] and in this order, I grant Defendant's Motion to Dismiss for failure to state a claim for a violation of § 1681c(g).

Furthermore, although the Amended Complaint supplements Plaintiff's allegations of willfulness, Plaintiff has still not pled facts from which I could infer that Defendant willfully violated § 1681c(g). Plaintiff adds the allegation that Defendant had actual notice of FACTA from credit card companies and its merchant service providers. However, Plaintiff does not allege that Defendant had actual notice that FACTA would or could be applied to electronically transmitted receipts. As I stated in my previous order, even I held that FACTA applied to electronically transmitted receipts where the merchant does not provide the customer with a tangible, paper receipt, such an interpretation is not clear from the statute. *See Safeco Ins. Co. of Am. v. Burr*, 127 S.Ct. 2201, 2206, 2216 (2007) (holding that plaintiff was not entitled to damages under §1681n(a) for a willful violation of the Fair Credit Reporting Act in part because "[g]iven this dearth of guidance and the less-than-pellucid statutory text, Safeco's reading was not objectively unreasonable, and so falls well short of raising the 'unjustifiably high risk' of violating the statute necessary for reckless liability"). Consequently, Plaintiff has again failed to sufficiently allege that Defendant willfully violated § 1681c(g), and I grant Defendant's Motion to Dismiss on this additional ground for dismissal.

This dismissal shall be with prejudice because further amendment of Plaintiff's

complaint would be futile and because Plaintiff fails to state a claim even after I allowed him to amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice. A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.") (internal citations omitted). Here, it appears beyond doubt that Plaintiff cannot prove a set of facts that would entitle him to relief for a violation of § 1681c(g). *See id.* at 1164 (citing *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). Consequently, I find that further amendment would be futile, and I dismiss Plaintiff's Amended Complaint with prejudice. Accordingly, it is hereby ORDERED AND ADJUDGED that

1. The Motion to Dismiss [DE 40] is GRANTED.
2. This case is DISMISSED with prejudice.
3. This case is CLOSED.
4. Any other pending motions are DENIED as moot.

DONE AND ORDERED in Chambers in Miami, Florida this ___ day of May, 2008.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
U.S. Magistrate Judge Chris M. McAliley
All counsel of record